# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHMAEL ALI BURK,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 20-CV-2654 |
| REV JOSEPH LOGRIP, *et al.*<br>    *Defendants*. | :<br>:<br>: |

## MEMORANDUM

**PAPPERT, J.**                                                                                                                                  **JUNE 16, 2020**

    *Pro se* Plaintiff Ishmael Ali Burk, a prisoner incarcerated at SCI-Smithfield, filed a Complaint using the Court's form for prisoners to bring federal constitutional law claims pursuant to 42 U.S.C. § 1983.[1] Named as Defendants are Joseph Logrip and George Cadwallader, both of whom are identified as priests in the Philadelphia Catholic Archdiocese, and former Congressman Mike Fitzpatrick. Burk also seeks leave to proceed with this case without paying the filing fee. For the following reasons, Burk's request to proceed *in forma pauperis* will be granted, his federal law claims will be dismissed with prejudice and his state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

## I

    Burk alleges that Logrip and Cadwallader sexually assaulted him in 2000 and 2001 when he was a child attending Queen of the Universe Catholic School in Levittown, Pennsylvania. (ECF No. 2 at 9-10.)[2] He also claims that Fitzpatrick gave a

---

[1] Burk dated his Complaint March 16, 2020. Due to the delays caused by the COVID-19 pandemic, his Complaint was not entered on the record until June 8, 2020. However, it was marked by the Clerk of Court as "filed" on March 17, 2020.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

speech at the school in 2000, at which time Burk told him about the abuse and asked for help. (*Id.* at 11.) He also began to write to Fitzpatrick in 2005. (*Id.*) Burk continued to write to Fitzpatrick until 2016, but only received a letter back telling him to stop writing letters to Fitzpatrick's office. (*Id.*) Burk seeks $250,000 for emotional distress caused by these incidents. (*Id.* at 5.)

In his Complaint, Burk asserts that he is housed at SCI-Smithfield in Huntingdon, Pennsylvania. He does not assert where the Defendants are domiciled.

II

Because Burk is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Burk is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[3] Because Burk is a prisoner, under the terms of the Prison Litigation Reform Act he is still required to pay the filing fee in full in installments.

III

Burk's Complaint cites 42 U.S.C. § 1983 as the basis for the Court's subject matter jurisdiction over his claims. That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Neither Logrip nor Cadwallader are alleged to have acted under color of state law when they purportedly assaulted Burk. They are identified as members of the Catholic clergy and are not alleged to be employees of a state or municipal government. Accordingly, any federal constitutional claim against them under § 1983 is not plausible.

Fitzpatrick, who allegedly acted in his capacity as a United States Congressman, is also not a "state actor" for purposes of § 1983. While there is a federal actor analogue to § 1983 liability, *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971) (holding that a remedy is available for a federal agent's violation of a citizen's Fourth Amendment right to be free from warrantless searches and seizures); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (stating that the "purpose of *Bivens* is to deter individual federal officers from committing

constitutional violations" by subjecting them to personal liability), the availability of *Bivens* as a cause of action is limited. No prior decision appears to have sanctioned a claim under *Bivens* similar to the one Burk seeks to bring, and "the Supreme Court has plainly counseled against creating new *Bivens* causes of action." *Vanderklok v. United States*, 868 F.3d 189, 199 n.8 (3d Cir. 2017) (citing *Minneci v. Pollard*, 565 U.S. 118 (2012) (refusing to extend Eighth Amendment *Bivens* action to individuals working at a private prison); *FDIC v. Meyer*, 510 U.S. 471 (1994) (refusing to extend *Bivens* claim to federal agency defendant); *Schweiker v. Chilicky*, 487 U.S. 412 (1988) (refusing to extend *Bivens* to case involving wrongful denials of disability benefits); *United States v. Stanley*, 483 U.S. 669 (1987) (refusing to extend *Bivens* to case involving injuries suffered incident to military service); *Chappell v. Wallace*, 462 U.S. 296 (1983) (refusing to extend *Bivens* to case involving racial discrimination by superiors in military)); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 742-43 (2020) (stating that the "expansion of *Bivens* is a disfavored judicial activity," that "it is doubtful" that the outcome of *Bivens* would be the same if it were decided today, and that "for almost 40 years, [the Supreme Court] ha[s] consistently rebuffed requests to add to the claims allowed under *Bivens*." *Id.* at 472-73 (internal quotations marks and citations omitted)). Accordingly, to the extent Burk seeks to bring a federal law claim against Fitzpatrick for his failure to act on the information Burk gave him, that claim is also not plausible and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district

court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).

Burk is required to establish diversity of citizenship. He has failed to assert where any Defendant is domiciled and it appears likely that complete diversity is lacking. Accordingly, to the extent that his Complaint may be interpreted to assert state law claims, he has failed to meet his burden to demonstrate that the Court may exercise subject matter jurisdiction.

For the reasons stated, Burk's constitutional claims will be dismissed with prejudice. His state law claims will be dismissed without prejudice for want of subject

matter jurisdiction. Burk is free to reassert his state law claims in the Pennsylvania courts.[4] An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**

---

[4] The Court expresses no opinion on whether the state law claims are timely.